UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RODRICK SHERON,

    Petitioner,

        v.                        CAUSE NO. 3:22-CV-201-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Rodrick Sheron, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF-21-3-280) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of possessing a cellular device in violation of Indiana Department of Correction Offense 121. Following a hearing, he was sanctioned with a loss of one hundred eighty days earned credit time and a demotion in credit class.

Sheron argues that he is entitled to habeas relief because the administrative record lacks sufficient evidence to find that he possessed a cellular device.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). A conduct report, by itself, is sufficient to satisfy the "some evidence" standard. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("That report alone provides "some evidence" for the CAB's decision.").

> Departmental policy defines possession as:
>
> On one's person, in one's quarters, in one's locker or under one's physical control. For the purposes of these procedures, offenders are presumed to be responsible for any property, prohibited property or contraband that is located on their person, within their cell or within areas of their housing, work, educational or vocational assignment that are under their control.

ECF 9-17 at 6.

The administrative record includes a conduct report in which a correctional officer represented that he found cellphone accessories on Sheron's shelf and a cellphone on Sheron's bed. ECF 9-1. The administrative record includes photographs of the cellphone and accessories. ECF 9-5. It also includes a video recording summary indicating that correctional staff began conducting a search of Sheron's cell but that the surveillance camera could not see into the cell. ECF 9-11. The court has reviewed this video recording and finds that it is consistent with the summary. ECF 12. The conduct report, the photographs, and the video recording constitute some evidence that Sheron possessed a cellular device as defined by departmental policy. Therefore, the claim that the hearing officer did not have sufficient evidence is not a basis for habeas relief.

Sheron argues that he is entitled to habeas relief because the hearing officer denied him the right to present live testimony from his cellmate and body camera footage from the correctional officers who conducted the search. He maintains that this

2

evidence would have demonstrated that the cellular device did not belong to Sheron and was not found on his side of the cell. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.* The record reflects that the Sheron's cellmate declined to testify but offered a written statement that he did not witness the search and that he knew that Sheron did not have a cellular device. ECF 9-10. The record further reflects that Sheron did not request body camera footage. ECF 9-7. Even if he had and even if the footage suggested that the cellular device was found on the other side of Sheron's cell, it is unclear how this footage would have affected the outcome of the case given the broad definition of "possession" under departmental policy.  Consequently, this claim is not a basis for habeas relief.

      Sheron argues that he is entitled to habeas relief because the hearing officer was not an impartial decisionmaker. He maintains that the hearing officer disregarded the date discrepancy between the video recording summary and the conduct report and that she could find him guilty merely for knowing that the cellular device was in the cell. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official

3

who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id.* There is no indication that the hearing officer was involved in the underlying incident. Further, Officer Hall, who prepared the video recording summary, attests that he mistakenly wrote that Sheron's cell search occurred on February 15 instead of March 15. ECF 9-12. It is unclear how overlooking a typographical error suggests improper bias. Additionally, departmental policy supports the hearing officer's interpretation of the offense (ECF 9-17 at 6), and it is also unclear how an accurate statement of departmental policy suggests improper bias. As a result, the claim of improper bias is not a basis for habeas relief.

If Sheron wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 2);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Rodrick Sheron leave to appeal in forma pauperis.

SO ORDERED on July 13, 2022

s/ Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge
